UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 2:10-cv-098-EJL-CWD |
|---|---|
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| ROBERT L. EDWARDS, | |
| Defendant. | |

Pending before the Court are the following motions: the United States' Motion for Entry of Default of Robert L. Edwards; the United States' Motion for Entry of Default of Leslie Jensen Edwards; and the United States' Renewed Motion for Entry of Default of Robert L. Edwards. (Dkt. Nos. 25, 26, and 36.) The time has expired for Robert and Leslie Edwards to file response briefs and the motions are ripe for adjudication. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before the Court without oral argument. For the reasons set forth below, all three motions for entry of default will be DENIED.

**MEMORANDUM DECISION AND ORDER - 1**

**BACKGROUND**

The factual and procedural history of this case is set forth in the Report and Recommendation issued on June 7, 2011, (Dkt. 40), and need not be repeated here except as necessary to inform the ruling on the motions before the Court.

The United States of America ("Government") brought this action against Robert and Leslie Edwards (collectively the "Defendants") seeking to reduce to judgment $527,524.28 worth of outstanding tax liabilities assessed against Robert Edwards. As part of the relief sought in its original Complaint, (Dkt. 1), the Government sought to foreclose certain federal tax liens on a parcel of real property located in Kootenai County, Idaho, in which Robert Edwards held an interest. Leslie Edwards, along with three institutional defendants,[1] were named as defendants based upon allegations that they may claim an interest in the property located in Kootenai County.

Defendants did not file an answer to the Government's Complaint. They did, however, file a pro se Motion to Dismiss [for] Lack of Subject Matter & Personal Jurisdiction and Venue on April 26, 2010. (Dkt. 7.) The Court denied Defendants' motion on February 8, 2011, finding the motion meritless and frivolous. (Dkt. 24.)

Twenty-four days after the Court entered the order denying Defendants' motion to dismiss, the Government moved for entry of default against Robert Edwards, (Dkt. 25), and Leslie Edwards. (Dkt. 26.) In the motions, the Government argued that default

---

[1] The United States' original Complaint also names Aurora Loan Services LLC, Mortgage Electronic Registration Systems, Inc., and the Idaho State Tax Commission as defendants. (Dkt. 1.)

should be entered against Defendants because they failed to plead or otherwise defend the lawsuit within fourteen days of the denial of their motion to dismiss as required by Fed. R. Civ. P. 12(a)(4)(A).

Less than two weeks after the Government moved the Court for entry of default, Defendants filed a second motion to dismiss for lack of subject matter jurisdiction. (Dkt. 29.) Then, on April 4, 2011, Defendants filed a third motion to dismiss. (Dkt. 31.) In their third motion to dismiss, Defendants represent that they no longer own the real property at issue in the case, which was foreclosed upon by a creditor senior to the United States, and that the case therefore should be dismissed.

In response to Defendants' third motion to dismiss, the Government filed a Motion for Leave to File Amended Complaint. (Dkt. 32.) The motion for leave to amend was granted, (Dkt. 34), and on April 12, 2011, the United States filed and served its Amended Complaint. (Dkt. 35.) The Amended Complaint names only Robert Edwards as a defendant and does not include the allegations and claims for relief pertaining to the real property at issue in the original complaint. When Robert Edwards failed to respond to the United States' Amended Complaint within fourteen days,[2] the Government filed a Renewed Motion for Entry of Default of Robert L. Edwards on May 2, 2011. (Dkt. 36.)

---

[2] Fed. R. Civ. P. 15(a)(3) provides: "Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."

**MEMORANDUM DECISION AND ORDER - 3**

# DISCUSSION

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The entry of default, as opposed to default judgment under Rule 55(b), is a non-final interlocutory event. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). Although Rule 55(a) expressly authorizes the clerk to enter default, it does not limit the court's authority to do so, and a party may make an application to the court to enter default against a party who has failed to plead or otherwise respond. *See* 10 Wright, Miller, & Kane, *Federal Practice and Procedure* § 2682 (citing *Fisher v. Taylor*, 1 F.R.D. 448 (E.D. Tenn. 1940)).

The disposition of a motion for entry of default is left to the sound discretion of the district court. *See Enron Oil Corp.*, 10 F.3d at 95. Such discretion, however, is circumscribed by the often stated policy of resolving disputes on the merits. *Id.*; *See also*, *Wendt v. Pratt*, 154 F.R.D. 229, 230 (D. Minn. 1994) (citing 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2682). Given the preference for disposition of cases on their merits, courts have stated that, "[w]here a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default." *McColm v. Restoration Group, Inc.*, 2007 U.S. Dist. LEXIS 21310 (E.D. Cal. 2007) (quoting *Lee v. Brotherhood of Maintenance of Way Employees*, 139 F.R.D. 376, 381 (D. Minn. 1991) (citing 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2682)).

The filing of a motion to dismiss constitutes defending an action within the meaning of Rule 55(a). *Fid. Mortg. Corp. v. Seattle Times Co.*, 213 F.R.D. 573, 574 (W.D. Wash. 2003). And, even where a defendant's responsive pleading is untimely, courts have refused to enter default where it is clear that the defendant intends to defend the suit. *See, e.g.*, *Dow v. Jones*, 232 F. Supp. 2d 491, 494-95 (D. Md. 2002). Finally, "any doubts as to whether a party is in default should be decided in favor of the defaulting party." *McColm*, 2007 U.S. Dist. LEXIS 21310 at *4.

As an initial matter, the Government's filing of an amended complaint, naming Robert Edwards as the sole defendant, renders the Motion for Entry of Default of Leslie Jensen Edwards (Dkt. 26) moot. As to Defendant Robert Edwards, it is clear that he intends to defend the suit; Mr. Edwards filed a motion to dismiss prior to the Government's first motion for entry of default; he requested a hearing on his first motion to dismiss; he has filed two additional motions to dismiss; and he has filed various other documents indicating his desire to defend the suit. (Dkt. Nos. 14, 29, and 31.) Given his demonstrated intent to defend this law suit, the Court will deny the Government's motions for entry of default against Robert Edwards.

Notwithstanding the above ruling, the Court notes that default procedures may be employed as a sanction where the defendant disobeys court orders, acts in bad faith, fails to respond to discovery orders, or otherwise obstructs the expeditious administration of a case. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 918 (3d Cir. 1992) (citing several circuit court rulings upholding a district court's use of default as a sanction,

including *Ringgold Corp. v. Warrall*, 880 F.2d 1138, 1141 (9th Cir. 1989)). While Mr. Edwards has demonstrated his intent to defend this action, the means through which he has done so has walked the line of sanctionable conduct (or crossed it) on several occasions, including references to the United States of America as a "Fictitious Foreign State," his invocation of "the Divine Immortal Spirit," repeated references to himself and his wife as "natural born, living and breathing flesh and blood man and woman, born alive, on the soil, in the third dimension and beyond the sea, with clean hands, *rectus in curia*," and signing a filing in blood with his thumb print. (Dkt. Nos. 7, 16, 17, 18, and 22.)

Mr. Edwards is a pro se litigant and will be given the leeway afforded to parties representing themselves. *See Christensen v. Commissioner of IRS*, 786 F.2d 1382, 1384 (9th Cir. 1986) (recognizing that the U.S. Supreme Court "has directed federal trial courts to read pro se papers liberally"). However, pro se litigants are not excused from knowing or following the most basic litigation requirements, *Olsen v. Commissioner of IRS*, 2001 U.S. Dist. LEXIS 7573 at * 1-3, and further inappropriate behavior will not be tolerated by the Court. Defendant Robert Edwards will be ordered to answer or otherwise respond (within the constraints of the Federal Rules of Civil Procedure) to the Government's amended complaint within fourteen (14) days of the issuance of this Order.[3]

---

[3] The Court recognizes that Defendant has filed a motion to continue, (Dkt. 37), which is not ripe and will be addressed by the Court in due course. The pending motion to continue does not effect the Court's directive that Defendant respond to the Government's amended complaint within fourteen days of the issuance of this Order.

**MEMORANDUM DECISION AND ORDER - 6**

# ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises,

**IT IS HEREBY ORDERED** that:

1. The United States' Motion for Entry of Default of Robert L. Edwards, (Dkt. 25), is **DENIED**.

2. The United States' Motion for Entry of Default of Leslie Jensen Edwards, (Dkt. 26), is **DENIED as MOOT**.

3. The United States' Renewed Motion for Entry of Default of Robert L. Edwards, (Dkt. 36), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Robert L. Edwards shall respond to the Government's Amended Complaint within fourteen (14) days of the issuance of this Order.

DATED: June 14, 2011

Honorable Candy W. Dale
Chief United States Magistrate Judge